# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RONALD ALAN EVERETT**, | Case No. 6:20-cv-00070-JR |
| Petitioner, | **OPINION AND ORDER** |
| v. | |
| **BRANDON KELLY**, Superintendent, | |
| Respondent. | |

**IMMERGUT, District Judge.**

On November 4, 2021, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R"). ECF 41. Judge Russo recommended that this Court deny Petitioner Ronald Alan Everett's Amended Petition for Writ of Habeas Corpus, ECF 14, and enter a judgment of dismissal. ECF 41. Judge Russo also recommended that a certificate of appealability be denied. *Id*. On November 17, 2021, Petitioner filed objections to the F&R. ECF 43. On

December 14, 2021, Respondent filed its response in opposition to Petitioner's objections. ECF 47. This Court adopts Judge Russo's F&R as explained and supplemented in this Opinion and Order.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Petitioner, an adult in custody of the Oregon Department of Corrections, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his 2008 conviction on two counts of Solicitation to Commit Murder and one count of Solicitation to Commit Assault.[1] This Court addresses Petitioner's claims with respect to Grounds Four and Six that are the subject of his Objection to the F&R.[2] ECF 43 at 8–15.

---

[1] The court entering the decision at issue is the Clackamas County Circuit Court, in *State v. Everett*, Clackamas County Circuit Court Case No. CR0800419. ECF 14 at 2.

[2] This Court agrees with Judge Russo's conclusion that Petitioner has failed to adequately address the claims alleged in Grounds One, Two, Three, and Five. ECF 41 at 17. This Court is satisfied that these claims are procedurally defaulted and Petitioner has not established cause and

## I.      Ground Four – Confrontation Clause:

In his Fourth Claim for Relief, Petitioner alleges that he was denied his right to confront witnesses against him under the Sixth Amendment. ECF 14 at 11–12. At trial, defense counsel cross-examined Barry Piatt, a police informant and prosecution witness who Petitioner allegedly solicited to commit murder. ECF 41 at 3–4. After defense counsel asked, outside the presence of the jury, if Piatt had ever killed anyone, Piatt invoked his Fifth Amendment right against self-incrimination. *Id.* at 4. Petitioner then moved to strike all of Piatt's testimony and the trial court denied his motion. *Id.* Petitioner argues that his right to confrontation required the trial court to strike all of Barry Piatt's testimony because Piatt's assertion of his Fifth Amendment rights deprived Petitioner of his confrontation rights under the Sixth Amendment. ECF 43 at 7–8.

Petitioner claims that he is entitled to habeas relief because the Oregon Court of Appeals erred when it neither cited nor applied the Supreme Court's decision in *Davis v. Alaska*, 415 U.S. 308 (1974)—a seminal Confrontation Clause case. While it is true that the Oregon Court of Appeals did not evaluate Petitioner's case under *Davis*, ECF 41 at 12 n.1, this Court is not persuaded that the Court of Appeals' decision was somehow contrary to, or involved an

---

prejudice or a fundamental miscarriage of justice to excuse his procedural default. *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986). Further, this Court agrees that Petitioner's cumulative error claim is not meritorious. ECF 41 at 18. This Court "may not ignore the default to consider the cumulative impact of the errors" alleged in Grounds One, Two, Three, and Five. *Smith v. Brown*, No. 1:18-cv-01702-IM, 2021 WL 4433178, at *13 (D. Or. Sept. 27, 2021). With respect to Grounds Four and Six, there is insufficient evidence that any potential cumulative error "rendered a criminal defense 'far less persuasive' and had a 'substantial and injurious effect or influence' on the jury's verdict." *Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007) (quoting *Strickland v. Washington*, 466 U.S. 668, 696 (1984)).

unreasonable application of, clearly established law; or that it was based on an unreasonable determination of the facts.[3] 28 U.S.C. § 2254(d).

Petitioner presents an expansive reading of *Davis* that urges this Court to find that "[w]hen a defendant is denied the right to inquire on a relevant issue that may impact the credibility of a prosecution witness, there is *always* a Confrontation Clause violation." ECF 43 at 9 (emphasis added). But Petitioner's interpretation fails to account for a key exception that the Supreme Court in *Davis* carved out for situations where the constitutional rights of a witness and a defendant collide. *Davis* involved a question of whether the government's interest in protecting the anonymity of juvenile offenders outweighed a defendant's competing interest in confrontation. While the Supreme Court vindicated the defendant's confrontation rights, it also cautioned that a trial court is not required to "protect a witness from being discredited on cross-examination, *short of an attempted invasion of his constitutional protection from self incrimination*." 415 U.S. at 320 (emphasis added) (internal quotation marks omitted) (quoting *Alford v. United States*, 282 U.S. 687, 694 (1931)).

Despite no explicit reference to *Davis*, the Oregon Court of Appeals still comported with the substance of the *Davis* decision because it refused to find a Confrontation Clause violation in light of Piatt's invocation of his Fifth Amendment rights. *See State v. Everett*, 249 Or. App. 139, 147 (2012) ("[D]efendant's question to Piatt also was not necessary to prove defendant's theory because the trial court allowed ample opportunity for defendant to elicit testimony to bolster his defense without Piatt invoking his constitutional right against compelled self-incrimination."). Petitioner cannot chide the Court of Appeals for failing to cite *Davis* when he only offers a

---

[3] The reason that *Davis* was not discussed could be because Petitioner himself did not cite *Davis* in his briefing to the Oregon Court of Appeals. ECF 47 at 2.

strained interpretation of the case law and fails to address a major doctrinal distinction undercutting his claim.

Further, this Court agrees with Judge Russo that this is a collateral issue that may even cut against Petitioner's arguments. *See* ECF 41 at 13. Piatt's credibility was effectively cross-examined at trial.[4] And Petitioner has not sufficiently explained how an inquiry into whether Piatt ever killed anyone would have been critical to his defense.[5] In fact, this line of questioning is potentially incriminating because it supports the theory that Piatt was approached specifically because of his alleged criminal background. The trial court was well within its discretion to refuse to strike Piatt's testimony.

## II.    Ground Six – Sufficiency of the Evidence:

In his Sixth Claim for Relief, Petitioner alleges that his conviction and sentence violate his rights under the Fifth and Fourteenth Amendments because there was insufficient evidence to convict him of Solicitation to Commit Murder. ECF 14 at 14. While Petitioner was in custody on a different solicitation charge, he met Benjamin Van Alstine, a fellow inmate, and police informant. ECF 41 at 3. Petitioner would eventually ask Van Alstine to retrieve and deliver an indictment to the Outsiders biker gang—to which Piatt belonged—that could prove that Piatt was

---

[4] Judge Russo noted that Piatt's criminal history was well-documented at trial. *See* ECF 41 at 8 ("Piatt testified about his criminal history, including eight prior convictions for assault, as well as burglaries, unlawful possession of weapons, and other crimes for which he had never been caught.").

[5] Petitioner argues that defense counsel was merely inquiring into Piatt's criminal history after the prosecution opened the door. ECF 43 at 9. But even if the prosecution invited this line of questioning, Petitioner provides no argument why this should negate a witness's ability to invoke his right against self-incrimination.

a police informant. *Id.* Petitioner told Van Alstine that upon learning of Piatt's cooperation with

police, the gang would "take care of Barry Piatt" and "get rid" of him. *Id.*

In reviewing a sufficiency of the evidence claim, this Court must determine if after

viewing the evidence in the light most favorable to the prosecution, any rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v.*

*Virginia*, 443 U.S. 307, 319 (1979). Additionally, a federal court may not grant a habeas petition

unless it finds that the state court unreasonably applied the principles underlying the *Jackson*

standard when reviewing petitioner's claim. *See e.g.*, *Jaun H. v. Allen*, 408 F.3d 1262, 1274–75

(9th Cir. 2005); *Jones v. Wood*, 114 F.3d 1002, 1013 (9th Cir. 1997) (recognizing that the

"unreasonable application" standard applies to insufficient evidence claim).

Petitioner argues that he merely asked Van Alstine to deliver materials to the gang and

that his actions do not meet the statutory elements of solicitation under Oregon law. ECF 43 at

11–12. Under O.R.S. 161.435(1), a person commits the crime of solicitation if, inter alia, that

person "commands or solicits" another to engage in conduct that constitutes a felony, including

murder. Petitioner's argument rests on the theory that because his only contact was with Van

Alstine, who Petitioner did not directly solicit to kill Piatt, there is no direct link connecting

Petitioner to the gang. *See id.* at 11–12. In Plaintiff's view, the Oregon Supreme Court erred

when it attempted to close that gap by finding that if the gang "had killed Mr. Piatt, both

[Petitioner] and Mr. Van Alstine would have been guilty of 'aiding and abetting the murder'

under Or. Rev. Stat. § 161.155(2)(b)."[6] *Id.* at 12–13. (quoting *Everett*, 355 Or. at 674).

---

[6] Under O.R.S. 161.155, a person is "criminally liable" for the conduct of another, including murder, if that person, inter alia, "[a]ids or abets" a crime. O.R.S. 161.155(2)(b). Under Oregon law, to "aid and abet" means, inter alia, "to advise, counsel, procure, or encourage another to commit a crime." *State v. Everett*, 355 Or. 670, 675 (2014).

Petitioner seeks to construe the criminal statute so strictly that it essentially insulates any defendant who is clever enough to maintain an extra degree of separation between himself and the criminal actor who ultimately commits the murder. This Court is not persuaded by this reading of the statute. *See Everett*, 355 Or. at 677 (endorsing criminal liability under O.R.S. 161.435(1) "where A solicits B to solicit C to commit [a] crime . . . A's act constitutes the act of solicitation whether or not B (or C, as the case may be) actually commits the crime or attempts to commit the crime"). The record reflects that the only reason Petitioner engaged with Van Alstine was to set in motion the killing of Piatt. Petitioner solicited Van Alstine to encourage the murder of Piatt, which would have made Van Alstine himself "criminally liable" for the murder under O.R.S. 161.155. Thus, Petitioner solicited Van Alstine "to engage in specific conduct constituting a crime punishable as a felony" under O.R.S. 161.435.

This Court disagrees with Petitioner's analysis that the Oregon Supreme Court's reliance on O.R.S. 161.155 expanded his criminal liability so far that his rights against ex post facto laws were violated. ECF 43 at 13. The Court merely applied existing law to the facts in this case and did not engage in an "*unforeseeable* judicial enlargement of a criminal statute." *Bouie v. City of Columbia*, 378 U.S. 347, 353 (1964) (emphasis added). Additionally, Petitioner's argument that he was supplied with inadequate notice, ECF 43 at 14, depends on the same faulty logic deconstructed above where he assumes that he was held liable for an entirely new criminal offense. Further, these ex post facto and inadequate notice claims are procedurally defaulted anyway because they were not properly exhausted in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

## CONCLUSION

The F&R, ECF 41, as supplemented in this Opinion and Order, is adopted in full.

Petitioner's Amended Petition for Writ of Habeas Corpus, ECF 14, is DENIED. A certificate of

appealability should be DENIED as Petitioner has not made a substantial showing of the denial

of a constitutional right. *See* 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 18th day of January, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge